UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STANDING TREES, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES FOREST SERVICE;<br>DEREK IBARGUEN, in his official capacity as Supervisor of the White Mountain National Forest; and JAMES INNES, in his official capacity as the District Ranger for the Saco Ranger District,<br><br>   Federal Defendants. | Case No. 1:25-cv-00237-SE-TSM |

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

  Federal Defendants United States Forest Service; Derek Ibarguen, in his official capacity as Supervisor of the White Mountain National Forest; and James Innes, in his official capacity as the District Ranger for the Saco Ranger District ("Federal Defendants") respond to Plaintiff Standing Tree's June 23, 2025 Complaint for Declaratory Judgment and Injunctive Relief (Dkt. 1) as follows:

  1. Plaintiff challenges the U.S. Forest Service's Sandwich Vegetation Management Project (the "Project") on the White Mountain National Forest, alleging violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370m, the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600-1614, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701-706. Compl. Dkt. 1 ¶¶ 1, 144-83. The District Ranger for the Saco District signed the Decision Notice authorizing the Project on June 28, 2024 (the "Decision"). *Id.* at ¶ 34.

2.  Plaintiff brings its claims under the APA. *Id.* at ¶¶ 17, 35. Under the APA, the Court's task is not to find facts, but to review the administrative record that was before the federal agency at the time it made the challenged decision to determine whether, as a matter of law, the record supports the agency's decision or whether the agency's decision is arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985); *Lovgren v. Locke*, 701 F.3d 5, 20 (1st Cir. 2012) ("Our review is limited to the administrative record.").

3.  Accordingly, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures – such as Answers to Complaints – used to find facts and resolve civil actions within the original jurisdiction of the federal district courts. *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013) ("APA review…involves neither discovery nor trial."); *id.* ("Allowing the allegations of a complaint to become the focal point of judicial review introduces an unnecessary and inevitably unproductive step into the process. The relevant inquiry is – and must remain – not whether the facts set forth in a complaint state a plausible claim but, rather, whether the administrative record sufficiently supports the agency's decision."); *see also Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, and "answer") was not the appropriate vehicle for initiating judicial review under the APA); *see* Fed. R. Civ. P. 26(a)(1)(B) (listing "an action for review on an administrative record" as a "Proceeding[] Exempt from Initial Disclosure").

4.  The District of New Hampshire has adopted Local Rule 40.1(a)(1), which creates an administrative track "for cases in which discovery is not permitted unless prior approval is obtained from the court." Administrative track cases "include . . . cases that can be resolved on the filings or by motion." LR 40.1(a)(1).

5. In accordance with the standard for APA review, Federal Defendants deny that the Decision Notice and Finding of No Significant Impact were arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. The Decision Notice and Finding of No Significant Impact comply with all applicable laws and regulations.

6. Federal Defendants deny all violations of federal law alleged in Claims 1, 2, and 3 of the Complaint (Compl. ¶¶ 144-176) that the challenged action violates NEPA and the APA.

7. Federal Defendants deny all violations of federal law alleged in Claim 4 of the Complaint (Compl. ¶¶ 177-183) that the challenged action violates NFMA and the APA.

8. Federal Defendants deny that Plaintiff is entitled to any of the relief that it seeks or any relief whatsoever.

9. Federal Defendants generally deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

10. Federal Defendants further assert the defenses of waiver, failure to exhaust administrative remedies, standing, and failure to state a claim upon which relief may be granted.

11. Accordingly, this matter should proceed with production of the Administrative Record and briefing on the merits of Plaintiff's challenge to the Forest Service's action.

Respectfully submitted,

Dated: August 25, 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ Reade E. Wilson
READE E. WILSON
Trial Attorney
Natural Resources Section
150 M Street NE

Washington, DC 20002
(202) 305-0299
reade.wilson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for New Hampshire using the CM/ECF system, which will serve a copy of the same on all counsel of record.

                                                                         */s/ Reade E. Wilson*
                                                                         Reade Wilson
                                                                         reade.wilson@usdoj.gov