UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STANDING TREES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES FOREST SERVICE;<br>DEREK IBARGUEN, in his official capacity as<br>Supervisor of the White Mountain National Forest; and<br>JAMES INNES, in his official capacity as the District<br>Ranger for the Saco Ranger District,<br><br>    Federal Defendants. | Case No. 1:25-cv-00237-SE-TSM |

## JOINT CASE MANAGEMENT PLAN

Pursuant to of Rule 16(b) of the Federal Rules of Civil Procedure, counsel for the parties have conferred and submit the following case management plan and proposed scheduling order.

**DATE/PLACE OF MEETING:** Telephone correspondence on August 1, 2025, and subsequent email correspondence.

**COUNSEL REPRESENTING:**

Christophe Courchesne, counsel for Plaintiff Standing Trees.

Reade E. Wilson, counsel for Defendant United States Forest Service; Derek Ibarguen, in his official capacity as Supervisor of the White Mountain National Forest; and James Innes, in his official capacity as the District Ranger for the Saco Ranger District.

## CASE SUMMARY

This case is brought under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-

706. Compl., Dkt. 1 ¶ 35. Plaintiff challenges the authorization of the Sandwich Vegetation Management Project on the White Mountain National Forest (the "Project"). *Id.* ¶ 1. The Forest Service issued the Decision Notice authorizing the Project on June 28, 2024. *Id.* ¶ 32.

**THEORY OF LIABILITY**: Plaintiff alleges the challenged action violates the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4331-4370m, the National Forest Management Act (NFMA), 16 U.S.C. § 1604, and the APA. *Id.* ¶¶ 144-176 (Claims 1, 2, and 3) (NEPA and APA), ¶¶ 177-183 (Claim 4) (NFMA and APA).

**THEORY OF DEFENSE**: Federal Defendants deny that the Project decision is arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.

**DAMAGES**: Plaintiff seeks declaratory and injunctive relief and an award of costs, expenses, and fees. *Id.* at 45-46. Federal Defendants reserve the right to seek court costs, including costs for producing the Administrative Records.

**DEMAND**: The parties will discuss possible informal resolution throughout the pendency of the matter.

**OFFER**: The parties will discuss possible informal resolution throughout the pendency of the matter.

**JURISDICTIONAL QUESTIONS**: Plaintiff alleges the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1346 (federal question and United States as defendant), 5 U.S.C. §§ 701-706 (Administrative Procedure Act), and 28 U.S.C. §§ 2201, 2202 (Declaratory Judgment Act). Compl. ¶¶ 17-18. Federal Defendants may raise in their summary judgment motion certain jurisdictional and other threshold non-merits challenges, including lack of subject matter jurisdiction, failure to exhaust administrative remedies, statute of limitations, and waiver.

**QUESTIONS OF LAW**: This is an action for review of agency actions brought under the APA.

The question of law for the Court are whether the challenged agency decision is arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.

**TYPE OF TRIAL**: This case is brought under the APA. The parties agree that a trial is not warranted or appropriate.

## SCHEDULE[1]

**TRACK ASSIGNMENT**: The parties agree that a trial is not warranted or appropriate because this case is brought under the APA. To the extent that the trial calendar is implicated, the parties request that this case be assigned to the administrative track under LR 40.1(a)(1).

**TRIAL DATE**: The parties agree that a trial is not warranted or appropriate because this case is brought under the APA. The parties expect that the matter will be ripe for the Court's resolution upon the completion of summary judgment briefing in January 2026, and after oral argument if the Court determines that argument is appropriate.

**AMENDMENT OF PLEADINGS**: Plaintiff agrees that any amendment to the Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1) is due 21 days following service of Federal Defendants' Response to Plaintiff's Complaint. The parties agree that Defendants' Response to Plaintiff's Complaint should be deemed the responsive pleading to any amended complaint, if one is filed.

**JOINDER OF ADDITIONAL PARTIES**: The parties do not anticipate adding any other parties. Counsel for outside entities have contacted counsel for the parties about

---

[1] This case is brought under the APA and should proceed under the administrative track described in LR 40.1(a)(1). The parties agree that the following topics in Civil Form 2 do not apply: "Schedule" (Disclosure of Claims against Unnamed Parties, Third Party Actions, Dates of Disclosure of Experts and Experts' Written Supplementations, Completion of Discovery, Challenges to Expert Testimony); "Discovery" (all topics); and "Other Items" (Trial Estimate, Witnesses and Exhibits, Preliminary Pretrial Conference).

participating in this matter as amicus. The parties have included a deadline for amicus briefs in the summary judgment schedule. Prospective amici would move for leave and file their proposed briefs by the proposed deadline and follow the identified page limits for amicus briefs.

**MOTIONS TO DISMISS**: None. Federal Defendants may raise in their summary judgment motion certain jurisdictional and other threshold non-merits challenges, including lack of subject matter jurisdiction, failure to exhaust administrative remedies, and waiver.

**ADMINISTRATIVE RECORD**: The parties agree that the Court's review of Plaintiff's claims is based on the Administrative Record for the challenged agency decision. The parties propose the following schedule for reviewing, lodging, and resolving the contents of the Administrative Record prior to merits briefing:

1. Federal Defendants will send an electronic copy of the Administrative Record to counsel for the Plaintiff and lodge the Administrative Record with the Court by **September 12, 2025**. Defendants hereby seek leave to provide the Administrative Record on electronic media only (e.g., thumb drive), rather than filing the Administrative Record on ECF and/or providing a paper copy to the Court. Plaintiff does not oppose Defendants' request to lodge the Administrative Record in electronic format.

2. In the event there are any issues with the Administrative Record, the parties agree to confer and attempt to resolve the issues without judicial intervention. Plaintiff agrees to raise informally in writing to Defendants' counsel any materials that it asserts are necessary to supplement, complete, or otherwise challenge the contents of the Administrative Record by **September 19, 2025**.

3. The parties agree that any motion to supplement, complete, or otherwise challenge the contents of the Administrative Record is due **October 3, 2025**, and that any such motion

    shall be based only on the issues that Plaintiff raised informally with Federal Defendants as set forth in the preceding paragraph.

4. The parties agree that the filing of a motion to complete, supplement, or otherwise challenge the contents of the Administrative Record **will suspend** the summary judgment briefing set forth below. The parties agree to file a joint status report with proposed briefing dates for summary judgment briefing within **fourteen days** of the Court's order resolving challenges to the contents of the Administrative Record.

**MOTIONS FOR SUMMARY JUDGMENT**: Subject to the Court's approval, the parties agree to the following proposed schedule to brief all claims on cross-motions for summary judgment:

1. If there are no motions regarding the Administrative Record, Plaintiff's opening summary judgment brief and declarations on standing are due **October 17, 2025**.

2. Amicus briefs (if any) in support of Plaintiff are due **October 24, 2025**.

3. Federal Defendants' combined cross-motion and response is due **November 21, 2025**.

4. Amicus briefs (if any) in support of Federal Defendants are due **December 1, 2025**.

5. Plaintiff's combined response and reply brief is due **December 19, 2025**.

6. Federal Defendants' reply brief is due **January 16, 2026**.

7. In addition to the proposed schedule, the parties reserve the right to file additional motions not contemplated by this schedule and in accordance with the Local Rules of this Court.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES**: The parties agree that settlement is unlikely, though will discuss possible informal resolution throughout the pendency of the matter.

**JOINT STATEMENT RE: MEDIATION**: The parties met and conferred and state that they

do not plan to pursue mediation. Insofar as the Court requires a joint statement regarding mediation, the parties will submit a joint statement by a deadline set within the Court's discretion.

**OTHER MATTERS**:

1. **Page limits**: The parties request that the Court modestly increase the number of pages allowed under LR 7.1(a)(3) from 25 to 35 pages for their opening briefs and from 10 to 20 pages for their closing briefs. Plaintiff's opening summary judgment brief and Federal Defendants' combined cross-motion and response brief would be 35 pages each. Plaintiff's combined response and reply brief and Defendants' reply brief would be 20 pages each. This arrangement provides each party with 55 total pages for their summary judgment arguments. The parties and prospective amici agree that amicus briefs, if any, shall be limited to 10 pages each.

2. **Project operations**: The Forest Service has awarded the Guinea Hill sale, and timber operations are ongoing. To date, the Forest Service has not awarded any other sales for this Project.

3. **September 29, 2025 Pretrial Conference**: As noted above in footnote 1, this case is brought under the APA and neither discovery nor a pretrial conference apply. The parties agree upon the contents of this Joint Case Management Plan and believe the Court may enter the attached proposed order. Counsel for the parties will participate in the conference scheduled for September 29 unless the Court orders otherwise or vacates the scheduled conference.

The parties are not aware of any other matters that require the Court's attention. A proposed order accompanies this joint case management plan.

Respectfully submitted,

Dated: September 4, 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Reade E. Wilson*
READE E. WILSON
Trial Attorney
Natural Resources Section
150 M Street NE
Washington, DC 20002
(202) 305-0299
reade.wilson@usdoj.gov

*Counsel for Federal Defendants*

*/s/ Christophe Courchesne*
CHRISTOPHE COURCHESNE
NH Bar No. 20431
Associate Professor and Director

Environmental Advocacy Clinic
Vermont Law and Graduate School
164 Chelsea Street, PO Box 96
South Royalton, VT 05068
Phone:   (802) 831-1630
Fax:     (802) 831-1631
ccourchesne@vermontlaw.edu

*Counsel for Plaintiff*